# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**QUANTA SERVICES, INC.,**
**Employer Below, Petitioner**

**v.) No. 23-ICA-449**       (JCN: 2021018967)

**ZACHARY BOLLING,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Quanta Services, Inc., ("Quanta") appeals the September 11, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Zachary Bolling filed a response.[1][2] Quanta did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied a request for temporary total disability ("TTD") benefits for the period from April 15, 2021, through June 8, 2021.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bolling, a power transmission lineman, sustained an electrocution injury on March 10, 2021, while employed by Quanta. He received TTD benefits from March 10, 2021, through April 6, 2021. Mr. Bolling attempted to return to work on April 7, 2021. Mr. Bolling was seen by Crystal Mitchell, PA-C, on April 15, 2021, who removed Mr. Bolling from work and noted that Mr. Bolling was experiencing increased anxiety about returning

---

[1] Quanta is represented by Daniel G. Murdock, Esq. Mr. Bolling is represented by Kelly Elswick-Hall, Esq.

[2] This claim was previously before this Court on a different issue in case number 22-ICA-244. On October 3, 2022, the Board of Review issued an order holding the underlying claim compensable for electrical shock and sequelae of electrical shock and remanding to the claim administrator to address temporary total disability and other benefits. By Memorandum Decision dated May 1, 2023, this Court affirmed the Board of Review's order. Quanta has appealed that decision to the Supreme Court of Appeals of West Virginia.

1

to work. PA Mitchell's assessment was anxiety disorder, memory impairment, and a history of sudden cardiac arrest successfully resuscitated. Ms. Mitchell noted that Mr. Bolling was continuing treatment with Dr. Vaught for his memory impairment. On June 8, 2021, PA Mitchell indicated that the claimant was able to return to work without any restrictions.

On February 21, 2023, the claim administrator issued an order denying a request for TTD benefits for the period from April 15, 2021, through June 8, 2021, due to a finding that Mr. Bolling was not temporarily and totally disabled for that time period. Mr. Bolling protested this order.

Carl Musser, Jr., M.D., signed an affidavit dated November 29, 2021. Dr. Musser stated that he was a cardiac electrophysiologist and he had provided consultation and evaluation of Mr. Bolling while he was at Carilion Roanoke Memorial Hospital in March 2021. Dr. Musser indicated that Mr. Bolling had sustained an electric shock on March 10, 2021, which caused a cardiac and respiratory event. Dr. Musser noted that the injury necessitated Mr. Bolling's admission to the hospital, subsequent treatment, and a clinic follow-up. Dr. Musser opined that Mr. Bolling's compensable injury caused him to miss work from the date of his injury through April 6, 2021, and from April 15, 2021, through June 15, 2021.

On September 11, 2023, the Board reversed the claim administrator's order, which denied a request for temporary total disability benefits for the period from April 15, 2021, through June 8, 2021. The Board found that Mr. Bolling had established that he was temporarily and totally disabled from April 15, 2021, through June 8, 2021. Further, the Board found that the fact that Mr. Bolling did not file an application for further adjustment of benefits was a technicality. Quanta now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Quanta argues that the evidence of record fails to establish that Mr. Bolling was entitled to TTD benefits from April 15, 2021, through June 8, 2021. Further, Quanta argues that the Board of Review misapplied West Virginia Code § 23-5-13a (2021) in disregarding the requirements of TTD eligibility. Additionally, Quanta argues that West Virginia Code § 23-4-7a(e) (2005) bars Mr. Bolling from receiving TTD benefits after he returned to work.[3] We disagree.

Here, the Board found that Mr. Bolling had established that he was temporarily and totally disabled from April 15, 2021, through June 8, 2021, based on the affidavit of Dr. Musser. The Board found that Dr. Musser's affidavit was credible and established that Mr. Bolling was temporarily and totally disabled as a result of the compensable injury from April 15, 2021, through June 15, 2021. Further the Board found that: "[n]otwithstanding the employer's argument, to deny temporary total disability benefits during the time period after the claimant returned to work for a few days, simply because the claimant did not file an application for further adjustment, would constitute promoting form over substance."

The Board noted that West Virginia Code § 23-5-13a provides, "It is also the policy of this chapter to prohibit the denial of just claims of injured or deceased workers or their dependents on technicalities."

Upon review, we find that the Board was not clearly wrong in finding that Mr. Bolling established that he was temporarily and totally disabled for the period of April 15, 2021, through June 8, 2021, based on Dr. Muser's affidavit. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). *See Martin v. Randolph Cnty Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook

---

[3] W. Va. Code § 23-4-7a(e) provides: In all cases, a finding by the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, that the claimant has reached his or her maximum degree of improvement terminates the claimant's entitlement to temporary total disability benefits regardless of whether the claimant has been released to return to work. Under no circumstances shall a claimant be entitled to receive temporary total disability benefits either beyond the date the claimant is released to return to work or beyond the date he or she actually returns to work.

the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence . . . .").

Further, we find that the Board did not err in its application of West Virginia Code § 23-5-13a, when it determined that denying Mr. Bolling benefits based on his premature attempt to return to work would be denying benefits based on a technicality. The Supreme Court of Appeals of West Virginia has noted that, "[a]lthough the rules and regulations governing the workers' compensation system in this state are necessarily detailed and complex, we must be careful to prevent those deserving of compensation from being thwarted by technicalities or procedural niceties. . . ." *Martin v. Workers' Comp. Div.*, 210 W. Va. 270, 275, 557 S.E.2d 324, 329 (2001). We note that Mr. Bolling attempted to return to work for approximately seven days before it was determined that he was unable to return to work. This Court does not believe that it would benefit anyone for a claimant to be punished for an attempt to return to work as the ultimate goal for both the claimants and employers should be that a claimant returns to work when they are able to safely do so and not before.

Additionally, the Supreme Court of Appeals of West Virginia held in *Mitchell v. State Workmen's Comp. Comm'r*, 163 W.Va. 107, 256 S.E.2d 1 (W. Va. 1979), that the date of termination of benefits is the date of the order from the claim administrator and benefits cannot be terminated retroactively. We find that Mr. Bolling's TTD benefits had not been terminated nor had the claim been closed for TTD benefits by order of the claim administrator when PA Mitchell determined that he was unable to return to work. Thus, we find that it was not necessary for Mr. Bolling to file a reopening of the claim or an application for further adjustment of benefits.

Accordingly, we affirm the Board's September 11, 2023, order.

Affirmed.

**ISSUED:** April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear